# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DUSTIN D. COFFMAN,              )
                               )
                    Plaintiff, )
                               )
vs.                            )      Case No. 18-4023-SAC-KGG
                               )
PRATT COMMUNITY COLLEGE, *et al.*,  )
                               )
                    Defendant. )
_____)

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Dustin D.

Coffman has also filed a short form Application to Proceed Without Prepaying

Fees or Costs ("IFP application," Doc. 4, sealed) with a supporting financial

affidavit (Doc. 5, sealed).  After review of Plaintiff's motion, as well as the

Complaint, the Court **GRANTS** the IFP application.

## ANALYSIS

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a

privilege, not a right – fundamental or otherwise.'"  ***Barnett v. Northwest School***,

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in forma pauperis status lies within the sound discretion of the court.  *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  See *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he 43 and single with no dependents.  (Doc. 5, sealed, at 1-2.)  He does not indicate any current employment.  (*Id.*, at 2.)  He does own real property, from which he makes a modest annual income.  (*Id.*, at 3.)  He owns a modest automobile outright, with little residual value.  (*Id.*, at 4.)  He lists a small amount received in the form of "other gov't sources (example Medicaid benefits)."  (*Id.*)  Plaintiff lists no cash on hand.  (*Id.*)  He lists typical monthly expenses, including a small amount for rent as

2

well as groceries, utilities, and car insurance.  (*Id.*, at 5.)  He also has a significant

amount of student debt.  (*Id.*)  Although Plaintiff does not state his required

monthly payment on his student loans, the Court anticipates it is sizeable.

Considering the information contained in his financial affidavit, the Court

finds that Plaintiff has established that his access to the Court would be

significantly limited absent the ability to file this action without payment of fees

and costs.  The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

(Doc. 4, sealed.)


IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc.

4) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 2nd day of May, 2018.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge